IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DAVID FERRARA, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00741-FB |
| | § | |
| vs. | § | |
| | § | |
| THE CITY OF KYLE, J. SCOTT | § | |
| SELLERS, CITY MANAGER; AND | § | |
| JEFFERY BLAKE BARNETT, POLICE | § | |
| CHIEF, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim [#11] and Plaintiff's *Pro Se* Motion for Leave to Amend Complaint [#13].  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#9].  The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Defendants' motion to dismiss be **granted** and Plaintiff's motion for leave to amend be **denied**.

## I.  Background

Plaintiff John David Ferrara, proceeding *pro se*, filed this civil rights action on July 11, 2022, against the City of Kyle, City Manager Scott Sellers, and Police Chief Jeffery Blake Barnett, seeking damages for alleged violations of the First and Fourth Amendments and the Texas Tort Claims Act.  (Compl. [#1], at ¶ 1.)  Ferrara contends that he was the victim of a

malicious prosecution by the Hays County District Attorney's Office; Ferrara alleges he was charged with one count of harassment on June 25, 2021, and the charges were dismissed on January 28, 2022. (*Id.* at ¶ 15.) Ferrara further alleges he was stalked, harassed, and tormented by the City of Kyle Police Department before he was arrested and subjected to baseless criminal charges. (*Id.* at ¶ 25.) Ferrara believes Defendants formed an official policy to retaliate against him for his criticism of Police Chief Barnett and force his prosecution to cover up a "bad arrest." (*Id.* at ¶ 31.) Ferrara contends that City Manager Sellers is liable for the alleged constitutional violations because he acted as supervisor directing the violations and failing to adequately supervise Chief Barnett. (*Id.* at ¶¶ 39, 44.)

Ferrara has filed three prior lawsuits in this Court related to these same allegations and references two of the three prior suits in his Complaint. (*Id.* at ¶¶ 10, 13.) All three of these suits were filed *in forma pauperis* (IFP) and dismissed as frivolous prior to service pursuant to 28 U.S.C. § 1915(e). The allegations underlying these three suits all concerned Ferrara's belief that various municipalities and District Attorney's offices were conspiring against him for the exercise of his First Amendment right to lodge complaints against the City of Kyle, Chief Barnett, and others by instituting criminal proceedings against him.

The first IFP suit (5:20-cv-1128-FB-RBF) was filed on September 22, 2020. Ferrara's complaint in the first suit contained allegations against 30 defendants (including the City of Kyle and Chief Barnett), regarding an arrest and prosecution by the Cameron County District Attorney's Office in 2019 related to Ferrara's harassment of law enforcement officer Terry Wallace. Ferrara's Section 1983 claims in that suit were dismissed as *Heck*-barred because Ferrara had pleaded "no contest" to the Cameron County charges in November 2019 and the conviction had not been reversed on appeal, expunged, declared invalid, or otherwise called into

2

question by a federal writ.  The court further found that Ferrara's claims against Cameron County, the City of Kyle, and the City of Princeton failed to plead municipal liability under Section 1983 and the claims were generally frivolous.

The second IFP suit (5:21-cv-237-JKP-RBF) was filed on March 8, 2021, and named only the City of Kyle and Chief Barnett.  In this case, Ferrara alleged he was the victim of retaliation for refusing to "take down" a blog criticizing the City of Kyle and Chief Barnett. Ferrara's pleadings in the second suit describe a different arrest in May 2020 for stalking "John Smith" (aka Chief Barnett).  (See Arrest Warrant [#14-8].)  The court found these claims duplicative of those asserted in the first lawsuit and recommended dismissal for frivolousness. When dismissing his claims as frivolous, the court admonished Ferrara that the filing of new lawsuits based on the same claims could result in the imposition of sanctions.

The third IFP suit (5:21-cv-251-FB-RBF) was filed on March 10, 2021, against only Cameron County defendants (no defendants named in this action) and alleged similar allegations regarding the retaliatory arrest in Cameron County in 2019.  The court also dismissed these claims as successive and frivolous and warned Ferrara that future suits regarding these same allegations could result in sanctions.

The instant lawsuit is not an IFP suit.  Defendants the City of Kyle, Chief Barnett, and City Manager Sellers now move to dismiss Ferrara's claims in this case pursuant to Rule 12(b)(6) as barred by res judicata, and Ferrara asks the Court to allow him leave to amend his pleadings to add the Travis County Attorney's Office as an additional defendant.  Defendants' motion to dismiss should be granted and Plaintiff's motion for leave to amend should be denied.

## II.  Motion to Dismiss

Defendants argue that the instant suit is barred by res judicata because it is duplicative of the prior two suits against the City of Kyle and Chief Barnett.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits."  *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).  Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."  *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007).

Ferrara argues this case does not raise the same claims or causes of action because it pertains to harassment charges initiated against Ferrara in June 2021 by the Hays County District Attorney's Office and a prosecution resolved in his favor in January 2022, both of which occurred after he filed his previous IFP lawsuits.  Ferrara also argues that the previous dismissals of his IFP cases do not prejudice him from filing a subsequent fee-paid complaint making the same allegations.  The Court addresses the latter argument first.

Ferrara is correct that a dismissal under Section 1915(e) "is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute."  *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).  Thus, such dismissals generally do "not prejudice the filing of a paid complaint making the same allegations."  *Id.*  They could, however, "have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions."  *Id.*  Therefore

under *Denton*, this Court may not summarily dismiss a fee-paid case simply because it duplicates a prior case dismissed during the IFP screening process. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005).

The Fifth Circuit has, however, recognized several instances when the dismissal of an IFP complaint may prejudice a later-filed, fee-paid action. *Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc). These instances include: (1) "complaints containing claims which, on their face, were subject to an obvious meritorious defense"; (2) when the plaintiff had been "given an opportunity to expound on the factual allegations" through a questionnaire or hearing and still "could not assert a claim with an arguable factual basis"; and (3) "claims without an arguable basis in law." *Id.* In any of the previous circumstances, a frivolousness dismissal under Section 1915(e) should be deemed a dismissal with prejudice. *Id.* at 1506. Stated another way, "a previously dismissed action based on substantially the same facts arising from a common series of events provides a sufficient basis to dismiss the later-filed, fee-paid action when the court dismissed the first action because it was subject to a meritorious defense or was found factually or legally frivolous, after giving the plaintiff the opportunity to expound on the factual allegations before a dismissal as factually frivolous." *Shabazz*, 380 F. Supp. 2d at 803 (citing *Marts*, 117 F.3d at 1504–06).

Defendants address these exceptions in their reply in support of their motion for res judicata dismissal of this case. Yet, Defendants apply the exceptions to the claims asserted by Ferrara in the instant suit, as opposed to the Fifth Circuit's directive to evaluate whether the prior IFP dismissals should be construed as dismissals with prejudice due to one or more of the exceptions applying to the previously dismissed IFP claims. *See Marts*, 117 F.3d at 1505. The undersigned now undertakes the proper analysis, evaluating whether any of the exceptions apply

to the dismissals of Ferrara's two IFP suits asserting claims against the City of Kyle and Chief Barrett (5:20-cv-1128-FB-RBF and 5:21-cv-237-JKP-RBF).

As to Cause Number 5:20-cv-1128-FB-RBF, the District Court adopted the Magistrate Judge's recommendation to dismiss Ferrara's claims for both frivolousness and for failure to state a claim pursuant to Section 1915(e).  In doing so, the District Court held that Ferrara's claims regarding his allegedly wrongful January 2019 arrest in Cameron County were inextricably intertwined with his 2019 prosecution and no-contest plea, and were therefore barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The District Court also found that Ferrara failed to plead any facts to overcome the doctrine of prosecutorial immunity, which protects prosecutors such as district attorneys from suits for damages under Section 1983 when they are initiating a prosecution or presenting the State's case.  *See Forman v. Ours*, 996 F.2d 306 (5th Cir. 1993).  Third, the District Court held that Ferrara had failed to plead a viable theory of municipal liability against the City of Kyle and others, as a municipality's mere failure to respond to his complaints did not necessarily implicate a policy, pattern, or practice that would be sufficient to impose municipal liability.  In summary, the District Court found that Ferrara's claims relied upon "fantastical or delusional scenarios" and were frivolous.  *See Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (internal quotation and citation omitted).

As to Cause Number 5:21-cv-00237-JKP-RBF, the District Court dismissed Ferrara's claims as frivolous and malicious under Section 1915(e).  Although this case pertained to Ferrara's May 2020 arrest in Hays County, the District Court concluded that the allegations concerned the same conspiracy at issue in the previous case and that Ferrara was not entitled to relitigate the prior dismissal through a subsequent IFP proceeding.  *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

The undersigned finds that the District Court's previous dismissals of Ferrara's two IFP suits against Defendants the City of Kyle and Chief Barnett were dismissals that fell within the recognized exceptions articulated by the Fifth Circuit in *Marts*, as the District Court twice concluded that Plaintiff's claims were frivolous and lacked "an arguable basis in law." *See Marts*, 117 F.3d at 1505. Accordingly, the undersigned construes these prior IFP dismissals as dismissals with prejudice that could subject a future fee-paid suit such as this one to dismissal under the doctrine of res judicata, i.e., judgments that "may protect the courts from an onslaught of malicious and frivolous complaints." *United States v. Coscarelli*, 149 F.3d 342, 343 (5th Cir. 1998).

Ferrara argues in his response to Defendants' motion that the claims asserted in this case are not duplicative of his prior IFP claims because this case relates to a prosecution for harassment that was not initiated until after the IFP suits had already been filed. The undersigned disagrees. This case concerns the same allegations of conspiracy and retaliation in response to Ferrara's complaints against Chief Barnett that led to his prior IFP suits. Furthermore, the second IFP suit (5:21-cv-00237-JKP-RBF ) challenged the May 2020 arrest by Hays County that Ferrara contends led to the malicious and retaliatory prosecution in this case. Ferrara has been warned three times already regarding the frivolous and baseless nature of his claims against the City of Kyle, Chief Barnett, and others for retaliatory arrest and prosecution. This suit is therefore based on the "same nucleus of operative facts" as the prior two cases against the City of Kyle and Chief Barnett and is therefore barred by res judicata. *See Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016).

Finally, the undersigned does not find that the addition of City Manager Sellers to this lawsuit, who was not a previously named Defendant in either of the prior IFP suits, alters this

result.  First, City Manager Sellers is named in his official and individual capacities.  Ferrara's official-capacity claims against Sellers are essentially claims against the City of Kyle.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  And Ferrara's individual-capacity claims, because they are related to the same allegations as those against the other Defendants, should have been brought in the former proceeding.  *See D–1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989).  These claims are also barred and should be dismissed. The same can be said for any state law claims Ferrara is attempting to assert in this action related to the same conspiracy, including the claims he is attempting to add through amending his complaint.

### III.  Conclusion and Recommendation

Having considered the parties' motions, the responses thereto, Ferrara's pleadings and the previous lawsuits filed by Ferrara in this Court, the undersigned recommends that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim [#11] be **GRANTED** and Plaintiff's *Pro Se* Motion for Leave to Amend Complaint [#13] be **DENIED**.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing

objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of October, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE